IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON



CHARLES BOBO,

        Plaintiff,

        v.

CITY OF FRESNO,

        Defendant.

Case. No. 6:14-cv-01070-MC

OPINION AND ORDER

---

MCSHANE, Judge:

    *Pro se* plaintiff Charles Bobo seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. Additionally, the Court has an ongoing duty to assess its own subject-matter jurisdiction. *Allstate Ins. Co. V. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). As there is clearly no federal question in this dispute over placement and remainder of plaintiff's daughter in foster care, I first examine

1 – OPINION AND ORDER

the question of whether this Court has diversity jurisdiction. I then turn to the ripeness and the merits of the complaint.

## **DISCUSSION**

Plaintiff argues that this court has jurisdiction on the basis of diversity of parties. As relevant here, the district court shall have diversity jurisdiction in a civil action where the amount in controversy exceeds $75,000 and is between:

      (1)    citizens of different states;

      (2)    citizens of a State and citizens or subjects of a foreign state;

      (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties.

28 U.S.C. § 1332(a).

The party asserting jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). To demonstrate citizenship (for diversity purposes), a party must be a citizen of the United States and domiciled in a state. *Id.* A domicile is the place the party has established a fixed habitation or abode with the intention of remaining permanently or indefinitely. *Id.* at 749-50. A party's former domicile is not lost until a new domicile is acquired. *Id.* at 750.

Based on the allegations in the complaint, plaintiff resides in Eugene, Oregon, and Defendant County of Fresno resides in Fresno, CA. However, it is unclear if plaintiff is domiciled in Oregon or not. Letters from defendant to plaintiff list different California addresses for plaintiff, which do not establish a fixed place of habitation. Plaintiff also lists a post office box for his Oregon address, which is not a permanent abode and not sufficient proof of domicile. *See Smith v. Breakthrough Int'l*, 12-CV-01832-WHO, 2013 WL 4731245, at *4 (N.D. Cal. Sept.

3, 2013). Though plaintiff may currently be residing in Oregon, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, plaintiff has failed to meet his burden of establishing that this court has diversity jurisdiction. As it appears this Court lacks subject-matter jurisdiction, the action must be dismissed. *Allstate Ins. Co.*, 358 F.3d at 1095.

A dismissal in district court for lack of subject-matter jurisdiction does not limit plaintiff's right to proceed in a state court of general jurisdiction. However, even if plaintiff wanted to move forward with this complaint in state court, plaintiff's claim is barred by the statute of limitations. I construe plaintiff's complaint as a claim under 28 U.S.C. § 1983. "Oregon's two-year statute of limitations for personal injury actions applies to § 1983 claims." *Cooper v. City of Ashland*, 105 (9th Cir. 1989) (per curiam) (citing O.R.S. § 12.110(1)) (internal citations omitted). Because plaintiff alleges that the conduct leading to the complaint occurred in 2005, and because plaintiff has not had any further contact with defendant since 2007, plaintiff's complaint does not fall within the two-year statute of limitations.

Lastly, it is worth noting that even if plaintiff could proceed forward with this complaint, he has not stated a claim on which relief can be granted. "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). Though a parent may have a fundamental right to determine how his or her child is raised, this right is barred if the parent is unwilling to spend funds or time caring for said child. *See Lipscomb By & Through DeFehr v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992). Plaintiff was unaware of his daughter's placement in foster care, and prior to notification by defendant, made no efforts to interact with her despite an alleged court order allowing him joint custody. Since the

3 – OPINION AND ORDER

state took custody of his daughter, plaintiff lost his custodial rights. Therefore, defendant could

not interfere with plaintiff's fundamental rights because plaintiff no longer possesses said rights.

As the court lacks subject-matter jurisdiction and as plaintiff's claim is barred by the

statute of limitations, this action must be dismissed.

IT IS SO ORDERED.

DATED this 31 day of July, 2014.

_____

Michael McShane

United States District Judge

4 – OPINION AND ORDER